**IN THE UNITED STATES DISTRICT COURT**
**IN THE DISTRICT OF COLORADO**

| | |
|---|---|
| **JONATHAN SANTIAGO ROSARIO** )<br><br>)<br>**Plaintiff,** )<br><br>)<br>**v.** )<br><br>)<br>**GENERAL INFORMATION** )<br>**SERVICES, INC.,** )<br><br>)<br>**Defendant.** )<br>)<br>) | **Civil Action No.:** |

## COMPLAINT

## PRELIMINARY STATEMENT

1.      This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended.*

## THE PARTIES

2.      Plaintiff Jonathan Rosario is an adult individual who resides in Castle Rock, Colorado.

3.      Defendant General Information Services, Inc. ("GIS") is a consumer reporting agency doing business in the Eastern District of Pennsylvania, with its headquarters located in Chapin, South Carolina.

## JURISDICTON AND VENUE

4.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

5.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLIGATIONS

6.      Defendant has been reporting derogatory and inaccurate statements about Plaintiff, ("inaccurate information").

7.      The inaccurate information includes, but is not limited to criminal convictions from the Commonwealth of Pennsylvania that belongs to another person.

8.      Defendant, however, has been inaccurately reporting these charges on Plaintiff's consumer report.

9.      Defendant has been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that it has disseminated and resold to various persons, both known and unknown.

10.     Specifically, Plaintiff applied for and was denied and/or delayed employment with Circle K Stores, Inc.

11.     The basis for these denials was the inaccurate information that appears on Plaintiff's consumer reports, which was a substantial factor for the denials.

12.     Plaintiff has disputed the inaccurate information with Defendant in or around March 2015 by following GIS established procedures for disputing consumer information.

13.     GIS, however, refused to accept and/or reinvestigate Plaintiff's dispute of the inaccurate information.

14.     Upon information and belief, GIS continues to publish and disseminate such inaccurate information to other third parties.

15.     Plaintiff further received no notice from GIS in connection with the application that public record information was being reported about Plaintiff to Circle K Stores, Inc.

16.     As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost or delayed employment, harm to reputation, emotional distress, humiliation and embarrassment.

17.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

18.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I

### VIOLATIONS OF THE FCRA

19.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

20.     At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

21.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

22.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

23.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §1681e(b), 1681k and 1681i.

24.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

25.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a)  Actual damages;

(b)  Statutory damages;

(c)  Punitive damages;

(d) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY:     */s/ Gregory Gorski*
GREGORY GORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
Telephone: (215) 735-8600
Email: ggorski@consumerlawfirm.com

Attorneys for Plaintiff
Jonathan Santiago Rosario
1080 Highland Bluff Drive 108
Castle Rock, CO 80109

Dated: April 28, 2015