IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No: 1:15-cv-00895-MEH**

| | |
|---|---|
| **JONATHAN SANTIAGO ROSARIO** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **GENERAL INFORMATION SERVICES, INC.** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Rule 16 Conference Date: July 23, 2015 at 11:15 AM

| Counsel for Plaintiff: | Counsel for Defendant GIS: |
|---|---|
| Gregory Gorski | John G. Papianou |
| FRANCIS & MAILMAN, P.C. | MONTGOMERY, MCCRACKEN, |
| 100 S. Broad Street | WALKER & RHOADS, LLP |
| 19th Floor | 123 South Broad Street, 24th Floor |
| Philadelphia, PA 19110 | Philadelphia, PA 19109 |
| 215-735-8600 | Tel: 215-772-1500 |
| ggorski@consumerlawfirm.com | jpapianou@mmwr.com |

### 2. STATEMENT OF JURISDICTION

Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1337.

### 3. STATEMENT OF CLAIMS AND DEFENSES

**PLAINTIFF:**

This is an action for damages for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, *as amended*, and various other state laws. Plaintiff alleges that Defendant has been reporting derogatory and inaccurate information on Plaintiff's background check. The inaccurate information relates to Plaintiff's criminal history and includes convictions from the Commonwealth of Pennsylvania for felony robbery, felony criminal conspiracy engaging robbery, felony burglary, misdemeanor receiving stolen property, misdemeanor criminal mischief-tampering with property, felony criminal trespass, misdemeanor criminal attempt theft by unlawful taking – movable property, felony manufacture/deliver/possess with intent to manufacture or deliver, misdemeanor intent possession controlled substance by person not registered, marijuana small amount personal use, misdemeanor use/possession of drug paraphernalia, false identification to law enforcement officer, obedience to traffic-control device, and summary driver license suspended that do not belong to Plaintiff but instead to another person. Plaintiff was delayed in obtaining an employment opportunity with Circle K Stores, Inc. as a result of this inaccurate information contained on Plaintiff's background check. GIS knew or should have known about the inaccurate information from Plaintiff's disputes in connection with a previous employment opportunity. Plaintiff seeks actual damages, punitive damages, and attorneys' fees and costs under the fee-shifting provisions of the FCRA.

**DEFENDANT**:

This case presents a textbook example of the old adage, "No Good Deed Goes

Unpunished." GIS has done nothing wrong. In fact, GIS has gone out of its way to make sure the consumer reports it prepares about Plaintiff are accurate.

Jonathan Rosario previously sued GIS in this Court. *See Rosario v. General Information Services, Inc.*, No. 1:13-cv-02346-CMA_BNB. Plaintiff claimed GIS violated the FCRA by reporting inaccurate information about him. As it turns out, Plaintiff was the victim of a serious case of identity theft. The individual who stole Plaintiff's identity was convicted of several crimes under Plaintiff's identity. Thus, when GIS ran a background check on Plaintiff, those convictions appeared. The parties settled that lawsuit in June 2015.

Because GIS is aware that Plaintiff's identity has been stolen, it has taken extra measures to ensure any consumer reports it prepares about him are accurate. Thus, when Plaintiff applied for a job at Circle K, and Circle K requested that GIS perform a background check on Plaintiff, GIS contacted Plaintiff's counsel, **as a precautionary measure**, to make sure it was Plaintiff who, in fact, applied for a job at Circle K (and not some other individual who may be trying to use his identity).

Plaintiff—represented by the lawyer GIS contacted—is now suing GIS on the grounds that GIS's efforts to make sure it was he who applied for a job, caused a delay in his hiring. GIS has done nothing wrong. It certainly has not violated the FCRA.

### 4. UNDISPUTED FACTS

1. Defendant General Information Services, Inc. ("GIS") is a consumer reporting agency doing business in the District of Colorado, with its headquarters located at 917 Chapin Road, Chapin, South Carolina 29036-8875.
2. Jurisdiction of this Court is proper.
3. Venue is proper.

4. Plaintiff applied for employment with Circle K Stores, Inc.

The parties will attempt to identify further undisputed facts that can be stipulated to during the course of discovery.

### 5. COMPUTATION OF DAMAGES

Plaintiff claims the following damages: (1) statutory damages under the FCRA; (2) actual/compensatory damages for lost employment opportunities; (3) actual/compensatory damages in the nature of defamation, and harm to reputation; (4) actual/compensatory damages in the nature of emotional distress, including anxiety, frustration, embarrassment, humiliation, etc.; (5) punitive damages; and (6) attorney's fees and costs.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a.     Date of Rule 26(f) meeting.**

On July 1, 2015 Plaintiff and counsel for Defendant conferred.

**b.     Names of each participant and party he/she represented.**

Gregory Gorski – Plaintiff
John G. Papianou – GIS

**c.     Statement as to when Rule 26(a)(1) disclosures were made or will be made.**

The parties will make Rule 26(a)(1) disclosures on or before July 23, 2015.

**d.     Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

See subparagraph c.

**e.     Statement concerning any agreements to conduct informal discovery.**

None.

  **f.**  **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

None.

  **g.**  **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

Parties do not anticipate any issues relating to electronic discovery that cannot be resolved amongst the parties at this time.

  **h.**  **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties have not yet discussed the possibility of settlement. The parties intend to engage in said discussions.

## 7. CONSENT

The parties do consent to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

The parties agree to abide by the limitations imposed on discovery by the Federal Rules of Civil Procedure.

    **a.**    **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

None.

    **b.**    **Limitations which any party proposes on the length of depositions.**

None.

    **c.**    **Limitations which any party proposes on the number of requests for production and/or requests for admission.**

None.

    **d.**    **Other Planning or Discovery Orders**

None.

## 9. CASE PLAN AND SCHEDULE

    **a.**    **Deadline for Joinder of Parties and Amendment of Pleadings:**

October 23, 2015.

    **b.**    **Discovery Cut-off:**

Factual Discovery: December 23, 2015.

Expert Discovery: February 23, 2016.

    **c.**    **Dispositive Motion Deadline:**

March 23, 2016.

    **d.**    **Expert Witness Disclosures**

        **1. The parties shall identify anticipated fields of expert testimony, if any.**

The parties have not yet decided if they will use expert witnesses.

        **2. Limitations which the parties propose on the use or number of expert witnesses.**

None.

        **3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>December 23, 2015</u>.**

        **4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>January 22, 2016</u>. [This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]**

    **e.**    **Identification of Persons to Be Deposed:**

Plaintiff
Representative(s) of GIS
Representative of Circle K Stores, Inc.

    **f.**    **Deadline for Serving Interrogatories:**

August 24, 2015.

    **g.**    **Deadline for Serving Requests for Production of Documents and/or Admissions:**

August 24, 2015.

**10. DATES FOR FURTHER CONFERENCES**

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

      a.    Status conferences will be held in this case at the following dates and times:

_____.

      b.    A final pretrial conference will be held in this case on _____ at _____ o'clock \_\_\_\_m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

### 11.  OTHER SCHEDULING MATTERS

**a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

None at this time.

**b.  Anticipated length of trial and whether trial is to the court or jury.**

The parties request a three (3) day trial to a jury.

**c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado.**

None.

### 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The Parties agree that the scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _____ day of _____, 20___.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

 /s/ Gregory Gorski  
Gregory Gorski
FRANCIS & MAILMAN, P.C.
100 S. Broad Street, 19th Floor
Philadelphia, PA 19110
215.735.8600
ggorski@consumerlawfirm.com

Attorney for Plaintiff

 /s/ John G. Papianou  
John G. Papianou
MONTGOMERY, MCCRACKEN,
WALKER & RHOADS, LLP
123 South Broad Street, 24th Floor
Philadelphia, PA 19109
Tel: 215-772-1500
jpapianou@mmwr.com

Attorneys for Defendant
General Information Service, Inc.